J-A14016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STANLEY J. CATERBONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RESIDENTS OF THE COUNTY OF LANCASTER PENNSYLVANIA | |
| Appellee | No. 1561 MDA 2015 |

Appeal from the Order Entered August 20, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-15-06985

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                              **FILED MAY 10, 2016**

Stanley J. Caterbone appeals, *pro se*, from the order entered August 20, 2015,[1] in the Lancaster County Court of Common Pleas, dismissing his action as frivolous.  Because we find that substantial defects in Caterbone's brief preclude us from conducting meaningful review, we dismiss this appeal.

We have garnered the facts underlying this appeal from the certified record.  On August 17, 2015, Caterbone filed a *pro se* petition for a preliminary injunction, seeking a "cease and desist order" against the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note Caterbone purportedly appealed from the September 1, 2015, order of the trial court denying his motion for reconsideration of the August 20, 2015, order.  **See** Notice of Appeal, 9/8/2015.  However, the appealable order is the August 20, 2015, order dismissing his petition and action. Therefore, we have changed the caption accordingly.

residents of Lancaster County from participating in "organized stalking and/or electronic and mind manipulation torture being committed against [him.]" Preliminary Emergency Injunction for Relief, 8/17/2015, at 3. In particular, he requested the court enlist the media, "specifically Lancaster Newspapers and WGAL-TV 8 to provide a public community wide media campaign to bring awareness to this order."[2]  *Id.* at 11 (capitalization omitted). Moreover, that same day, Caterbone filed a petition to proceed *in forma pauperis* ("IFP"), asserting that he was unable to pay the fees and costs of prosecuting the action. **See** Petition to Proceed In Forma Pauperis, 8/17/2015.

On August 20, 2015, the trial court entered an order dismissing Caterbone's action as frivolous. **See** Pa.R.C.P. 240(j)(1) (stating a trial court may dismiss a frivolous action filed simultaneously with a petition to proceed IFP). Caterbone subsequently filed a motion for reconsideration, which the trial court promptly denied on September 1, 2015, and this timely appeal followed.[3]

However, we find that we are unable to address the merit of this appeal because the brief Caterbone provided to this Court has substantial

---

[2] It does not appear Caterbone served his petition upon anyone, except for the trial court.

[3] The trial court did not direct Caterbone to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

defects which preclude our review. As this Court has reiterated on numerous occasions:

> While [we are] willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

*O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted). *Accord Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006); *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996). Indeed, "*pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999).

The Pennsylvania Rules of Appellate Procedure provide, in relevant part:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101 (emphasis supplied). Here, Caterbone's brief does not contain a statement of jurisdiction, a statement of the order in question, a statement of the scope and standard of review, a statement of the questions involved, or a conclusion "stating the precise relief sought." Pa.R.A.P.

2111(a). Indeed, upon our review of Caterbone's brief, we are unable to discern why he believes the trial court's dismissal of his action was incorrect, the nature of his underlying claims, or even the relief he seeks. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citation omitted). Therefore, we are compelled to dismiss this appeal.

Nevertheless, we note that even if we were able to consider the validity of the trial court's ruling, we would find Caterbone is entitled to no relief. Pennsylvania Rule of Civil Procedure 240(j) "provides for a court, prior to acting on a petition to proceed [IFP], to dismiss an action … if the court is satisfied that the action, proceeding or appeal is frivolous." Pa.R.C.P. 240 Comment, 2012. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa. Super. 2009) (citation omitted). Here, the trial court explained in its opinion, "[e]ven a cursory review of [Caterbone's] action reveals that it is meritless, involves absolutely no justiciable issues and, regardless, addresses matter for which he utterly lacks standing." Trial Court Opinion, 11/20/2015, at 1. Caterbone provides us with no basis to overturn the court's ruling. Therefore, even if we did not dismiss this appeal, we would affirm the order of the trial court.

Appeal dismissed. Jurisdiction relinquished. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016