**Gabriel G. OCASIO, Appellant**

v.

**PRISON HEALTH SERVICES, Appellee.**

Superior Court of Pennsylvania.

Submitted May 4, 2009.

Filed July 17, 2009.

Gabriel G. Ocasio, appellant, *pro se.*

Kathryn M. Kenyon, Pittsburgh, for appellee.

BEFORE: LALLY–GREEN, FREEDBERG, and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Gabriel G. Ocasio appeals from the October 27, 2008 order entered in the Court of Common Pleas, Somerset County, which denied his petition to proceed *in forma pauperis* and dismissed his complaint with prejudice as being frivolous. Upon review, we affirm.

¶ 2 On July 29, 2008, the trial court received from Ocasio a petition to proceed *in forma pauperis* (IFP) and a civil complaint filed *pro se* against Prison Health

Services.[1] Ocasio was an inmate at SCI–Somerset, and Prison Health was the medical services provider at SCI–Somerset contracted by the Department of Corrections.

¶ 3 In the complaint, Ocasio alleged the following. On February 3, 2008, he completed the therapy prescribed by Prison Health but still experienced back pain. On February 5, 2008, Prison Health saw Ocasio and indicated to him that he was too young to have back pain. Thereafter, Ocasio filed a grievance, which was subsequently denied by the grievance officer, the prison's superintendent, and the Secretary's Office of Inmate Grievances and Appeals. Ocasio presented a claim for breach of contract and a claim for violation of his Eighth Amendment rights under the United States Constitution.

¶ 4 On October 27, 2008, the trial court denied Ocasio's IFP request pursuant to Pa.R.C.P. 240(j) and dismissed his complaint with prejudice as frivolous. This timely appeal followed.

¶ 5 On appeal, Ocasio presents the following issues, which were preserved in his court-ordered Pa.R.A.P.1925(b) statement, for our review:

1. Did the lower court err in denying [Ocasio's] petition to proceed in forma pauperis?

2. Did the lower court err in dismissing [his] civil action "with prejudice"?

3. Did the lower court err in ruling that [his] civil action complaint "failed to set forth any arguable basis for a cause of action"?

Appellant's brief, at 4.

 ¶ 6 Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa.Super.2004) (*citing McGriff v. Vidovich*, 699 A.2d 797, 798 n. 2 (Pa.Cmwlth.1997)). Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed IFP. The obligation of the trial court when a party seeks to proceed under Rule 240 is as follows:

(j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (*quoting Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Under Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." *McGriff*, 699 A.2d at 799 (*citing Keller v. Kinsley*, 415 Pa.Super. 366, 609 A.2d 567 (1992)). As we review Ocasio's complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. *Hill v. Thorne*, 430 Pa.Super. 551, 635 A.2d 186 (1993).

 ¶ 7 Firstly, Ocasio argues that the trial court erred in denying his petition to proceed IFP. Rule 240(j) of the Pennsylva-

---

1. The petition to proceed IFP was docketed on October 6, 2008, and the civil complaint was docketed on October 27, 2008.

nia Rules of Civil Procedure requires that a trial court review the action to determine frivolity prior to addressing the merits of the petition. In the present case, the trial court followed this procedure; it reviewed the complaint and found it to be frivolous, and, subsequently, it denied the petition. We find that the trial court did not commit an error in following Rule 240(j).

¶ 8 Secondly, Ocasio argues that the trial court erred in dismissing his action with prejudice. Thirdly, Ocasio argues that the trial court erred in finding that his complaint failed to set forth any arguable basis for a cause of action against Prison Health. We will address these issues jointly.

¶ 9 As noted above, a frivolous action is defined as one that lacks an arguable basis either in law or in fact, *i.e.*, on its face, one that does not set forth a valid cause of action.

¶ 10 In the complaint, Ocasio brings forth two causes of action. The first allegation he titled as a breach of contract. Within this cause of action, he alleged:

17. [Prison Health] is under contract to provide medical services to [Ocasio].

18. Nothing in the contract permits [Prison Health] to refuse to treat [Ocasio] because they think he is too young.

Complaint, Ground I, ¶¶ 17–18. The trial court found Ocasio's complaint to be frivolous. We agree.

¶ 11 To establish a cause of action for breach of contract, the plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.1999) (citations omitted). Fur-

ther, "while not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *Id.*, 723 A.2d at 1058.

¶ 12 The trial court also reviewed Ocasio's breach of contract claim as a medical malpractice action.

In order to establish a *prima facie* cause of action for medical malpractice, a plaintiff must demonstrate that "(1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) the damages suffered by the patient were the direct result of that harm."

*Bell*, 853 A.2d at 1061 (*quoting Masgai v. Franklin*, 787 A.2d 982, 985 (Pa.Super.2001)).[2]

¶ 13 For the same reasons, both claims would fail.

¶ 14 Ocasio's two sentence assertion failed to allege Prison Health's duty to him, Prison Health's breach of that duty, and the breach caused damages. It appears that Ocasio believed that Prison Health refused to treat him because he was "too young to have back pain." However, from Ocasio's complaint, it was evident that Prison Health provided medical treatment. Unfortunately, the treatment did not work, and Ocasio still had back pain. Prison Health's rejection of his request for an MRI did not equate a breach of duty to provide medical treatment. Further, Ocasio failed to assert how Prison Health's alleged breach was the proximate cause of his injury and how it resulted in

---

**2.** Ocasio's complaint did not follow the Rules of Civil Procedure regarding professional lia-

bility actions. *See, e.g.,* Pa.R.C.P. 1042.2.

damages. The failings in his complaint made the claim frivolous.

¶ 15 Ocasio's second claim in his complaint was violation of his Eighth Amendment right to medical care. He asserts:

19. The Eighth Amendment guarantees the right to medical care.

20. For [Prison Health] to deny [Ocasio] medical care in order to increase profits means that [Prison Health's] refusal to provide adequate medical care is deliberate and indifferent.

21. [Prison Health] is not responding appropriately to [Ocasio's] serious medical condition.

22. When the pain in one's back is constant, and can get to the point where one cannot walk, it is clearly a serious condition which should be identified and corrected.

Complaint, Ground II, ¶¶ 19–22.

¶ 16 In order to establish a claim of a violation of civil rights with regard to medical treatment, Ocasio must establish that he suffered from a serious medical need and that the prison officials were deliberately indifferent to this need. *See Nicini v. Morra*, 212 F.3d 798 (3rd Cir. 2000). A prison official is deliberately indifferent to a serious medical need if the official knows of but disregards an excessive medical risk to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order for the indifference to rise to constitutional prohibition on cruel and unusual punishment, it must equate obduracy and wantonness, not inadvertence or error in good faith. *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Claims of negligence or medical malpractice do not necessarily rise to the level of deliberate indifference

of a serious medical need. *Rouse v. Plantier*, 182 F.3d 192 (3rd Cir.1999).

¶ 17 Disagreements over the course of treatment afforded an inmate do not satisfy the heightened standard that such conduct is so intentional as to be wanton. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In the present case, Ocasio received treatment for his back pain. Ocasio's request for an MRI was merely his disagreement as to the course of treatment for his back pain. Such a disagreement does not equate an Eighth Amendment violation. *See Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3rd Cir.1976). Accordingly, the trial court did not err in finding this claim to be frivolous.

¶ 18 Lastly, the trial court dismissed Ocasio's complaint with prejudice. It reasoned that the complaint was asserted against a corporation with unnamed employees. Trial court Pa.R.A.P.1925(a) opinion, 12/23/2008, at 2. The trial court noted that Prison Health's relationship with its physician contractors was more appropriately deemed an independent contractor relationship than an employer-employee relationship. Accordingly, Ocasio could not amend and restate his claims, which were essentially complaints regarding his lack of care by the independent contractor physician, against Prison Health.

¶ 19 As the complaint was frivolous and could not be amended to correct the fact that Ocasio could not bring a cause of action against Prison Health, we agree with the trial court's dismissal of the complaint with prejudice.

¶ 20 We find that the trial court did not err in dismissing Ocasio's complaint with prejudice as frivolous because he failed to set forth a cause of action against Prison

Health. Accordingly, the trial court properly denied his petition for IFP status.

¶ 21 Order affirmed.