J-S64045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMAL HATCHER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SANDY L.V. BYRD | |
| Appellee | No. 724 EDA 2016 |

Appeal from the Order Entered February 2, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2016 No. 160101602

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 09, 2016**

Appellant Jamal Hatcher appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition to proceed *in forma pauperis* and dismissing Appellant's civil complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j).  For the following reasons, we affirm.

In 2011, a jury convicted Appellant of attempted murder and related crimes in a trial presided over by Appellee Judge Sandy L.V. Byrd of the Court of Common Pleas of Philadelphia County.  Atty. Charles A. Peruto represented Appellant at sentencing, on direct appeal, and in filing a Post Conviction Relief Act Petition.

On May 28, 2015, Appellant filed a breach of contract action against Atty. Peruto, alleging that counsel did not fulfill his contract to file the PCRA

*Former Justice specially assigned to the Superior Court.

petition. It appears that this lawsuit is still pending. **See Hatcher v. Peruto**, May Term 2015, No. 3236.

On January 14, 2016, Appellant commenced this action against Judge Byrd and filed a motion to proceed *in forma pauperis* (IFP). In his complaint, Appellant alleges that Judge Byrd and Atty. Peruto engaged in *ex parte* communications about Appellant's pending civil case against Atty. Peruto. Appellant also claims Judge Byrd has refused to comply with a subpoena issued in that case. In the instant complaint, Appellant requests a declaration that Judge Byrd is required to appear and testify in **Hatcher v. Peruto** and also asks that Judge Byrd be compelled to recuse himself from all proceedings involving Appellant.

On February 2, 2016, the trial court in this case dismissed Appellant's complaint and IFP request pursuant to Pennsylvania Rule of Civil Procedure 240(j). This timely appeal followed.

In reviewing the dismissal of an action pursuant to Rule 240(j), we are limited to determine whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. **Ocasio v. Prison Health Servs.**, 979 A.2d 352, 354 (Pa.Super. 2009). Pursuant to Rule 240, "[a] party who is without financial resources to pay the cost of litigation is entitled to proceed *in forma pauperis*." Pa.R.C.P. 240(b). Rule 240(j) discusses the circumstances in which a trial court may dismiss a frivolous filing:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.' " *Id.* at Note (*quoting* ***Neitzke v. Williams****,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). An action is frivolous under Rule 240(j) "if, on its face, it does not set forth a valid cause of action." ***Ocasio***, 979 A.2d at 354.

In arguing that the trial court abused its discretion, Appellant first argues that the lower court in this case should have compelled Judge Byrd to testify in his civil case against Atty. Peruto and forced him to recuse from all of Appellant's cases. We agree that both requests are frivolous as the lower court had no authority to grant such relief through a separate legal action, as Appellant should have sought relief through the relevant procedural rules in the ***Hatcher v. Peruto*** action.

Even if we had jurisdiction over Appellant's requests, we note that Appellant's request to compel Judge Byrd to testify is moot as Judge Idee Fox, who is presiding over that case, issued an order on March 17, 2016, granting Judge Byrd's Motion to Quash Appellant's subpoena. Moreover, we also note that it was not proper for Appellant to seek to remove Judge Byrd from hearing his cases without filing a recusal motion. It is well-established that a party who seeks a judge's disqualification from a case must file a petition for recusal with that judge to allow the judge to 1) evaluate the

reasons for the recusal request firsthand and to 2) develop a record of the judge's reasons for granting or denying the recusal request. *In re Adoption of L.J.B.*, 610 Pa. 213, 236, 18 A.3d 1098, 1112 (2011). The party may appeal the judge's final determination, which an appellate court can reverse only upon an abuse of discretion. *Id*. Accordingly, the lower court did not abuse its discretion in finding Appellant's claims to be frivolous.

For the foregoing reasons, we affirm the lower court's order dismissing Appellant's complaint and accompanying IFP request with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016