J-S58018-16

**NON-PRECEDENTIAL DECISION–SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARTHUR LEE EARNEST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MAZZA LAW GROUP & STEVEN P. TRIALONAS | |
| | No. 2052 MDA 2015 |

Appeal from the Order Entered September 4, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2015-3376

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                  **FILED SEPTEMBER 21, 2016**

Arthur Lee Earnest appeals from the September 4, 2015 order dismissing this *pro se* legal malpractice case, wherein Appellant sought to proceed *in forma pauperis*, as frivolous under Pa.R.C.P. 240(j).  We affirm.

The following recitation of the facts is taken from two prior unpublished memoranda[1] pertaining to Appellant's criminal matter.  The

---------------------------------------------

[1] ***See Commonwealth v. Earnest***, 30 A.3d 534 (Pa.Super. 2011) (unpublished memorandum), and ***Commonwealth v. Earnest***, 87 A.3d 882 (Pa.Super. 2013) (unpublished memorandum).  We conclude that the unpublished memoranda can be relied upon by this Court pursuant to IOP § 65.37:

    A. An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may

*(Footnote Continued Next Page)*

---

*  Retired Senior Judge assigned to the Superior Court.

outcome of that criminal proceeding forms the basis for the present legal malpractice action against Appellees, The Mazza Law Group, P.C. and Steven P. Trialonas. On November 6, 2009, Appellant was tailgating a car being driven by Chris McCully on Route 45 in Centre County, and Appellant nearly struck Mr. McCully's car. When the vehicles entered a passing zone, Mr. McCully slowed his vehicle so that Appellant could pass it. Instead, Appellant continued to closely follow Mr. McCully, and, when the vehicles arrived at a stop sign, Appellant exited his car, approached Mr. McCully's vehicle, and attempted to stab Mr. McCully in the neck with a screwdriver. Mr. McCully deflected the screwdriver, which scraped his neck and penetrated his shoulder. The two men struggled, and Appellant threatened to kill the victim, who managed to fight off Appellant and drive away.

Based upon this incident, at a nonjury trial, Appellant was convicted of two counts of aggravated assault (attempting to inflict serious bodily

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party and to the Court.

Pa.Super.Ct. IOP § 65.37. It is clear from the facts averred herein that Appellant already has copies of these memoranda.

injury and inflicting bodily injury with a deadly weapon), terroristic threats, two counts of simple assault, harassment, and careless driving. The matter proceeded to sentencing, where it was revealed that Appellant had an extensive history of violence, including a prior road-rage incident. The sentencing court imposed a standard range sentence of seven to fourteen years imprisonment. On appeal, we affirmed, rejecting Appellant's challenge to the sufficiency of the evidence relating to whether he attempted to cause serious bodily injury for purposes of the relevant aggravated assault conviction. *Commonwealth v. Earnest*, 30 A.3d 534 (Pa.Super. 2011) (unpublished memorandum).

Appellant thereafter filed a timely *pro se* PCRA petition, and Mr. Trialonas was appointed as counsel for purposes of the PCRA matter. The PCRA court conducted a hearing and then denied relief. On appeal, Appellant argued that the PCRA court erred in failing to find that trial counsel was ineffective for not conveying a plea offer[2] and not requesting that Appellant be sentenced on the second count of aggravated assault rather than the first one. We concluded that the issues were waived due to the fact a transcription of the PCRA hearing was not contained in the

---

[2] Appellees represent that trial counsel testified at that hearing that he did tell Appellant about the plea offer and that Appellant rejected it against legal advice. While that testimony is not expressly discussed in the 2013 memorandum, we conclude that it can fairly be implied from the outcome of the PCRA proceeding at the PCRA court level.

record. ***Commonwealth v. Earnest***, 87 A.3d 882 (Pa.Super. 2013) (unpublished memorandum).

On August 24, 2015, Appellant instituted this legal malpractice action against Appellees based upon their representation of him during the PCRA proceeding. Our review of the *pro se* complaint indicates that Appellant's malpractice case was premised upon Appellees' failure to obtain a transcript of the PCRA hearing for purposes of appeal and for neglecting to investigate unspecified issues that Appellant sought to raise in the PCRA proceeding. Appellant did not complete a certificate of merit, but did attach to his complaint a copy of a letter from the Disciplinary Board of the Supreme Court of Pennsylvania.[3] The letter indicated that Appellees admitted that they committed an error when they did not have the notes of testimony from the PCRA hearing transcribed.

In the present lawsuit, Appellant also sought to proceed *in forma pauperis*, and the action was dismissed based upon frivolity. This appeal followed, and Appellant raises this issue, "Did the Trial Court err in dismissing [Appellant's] legal malpractice claim when he properly plead and established the three (3) elements required?" Appellant's brief at 4.

---

[3] In their brief, Appellees have asked us to strike the letter from the record, contending that it is confidential. They did not seek such relief in the trial court so that averment is waived for purposes of appeal. Pa.R.A.P. 302(a). However, Appellees are free to ask the trial court for the same relief.

Initially, we note that Appellees have asked us to quash this appeal based upon the frivolity of the present lawsuit. "Quashal is usually appropriate where the order below was unappealable; . . . the appeal was untimely, *. . .* or the Court otherwise lacked jurisdiction[.]" **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n. 3 (Pa. 2001) (citations omitted). While Pa.R.A.P. 1972(7) also permits a party to move to quash "for any other reasons on the record," Appellees' motion to quash clearly relates to the merits of the appeal. According, quashal is not the appropriate action by this Court. **See id**.

We next observe that both the trial court and Appellees fault Appellant for failing to file with his complaint a certificate of merit under Pa.R.C.P. 1042.3.[4] However, Appellant had sixty days to file a certificate of

_____

[4] That rule states in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or **within sixty days after the filing of the complaint**, a certificate of merit signed by the attorney or party that either
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm...

*(Footnote Continued Next Page)*

merit, and this action was dismissed eleven days after it was instituted. Hence, we decline to affirm based upon application of Pa.R.C.P. 1042.3.

However, we agree that Appellant did not set forth sufficient facts in his complaint to support the existence of a legal malpractice case, and that dismissal based upon Pa.R.C.P. 240(j) was proper. "Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Ocasio v. Prison Health Servs.**, 979 A.2d 352, 354 (Pa.Super. 2009) (citation omitted).  The rule in question states:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in *forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j).  An action is considered frivolous if "on its face, it does not set forth a valid cause of action." **Ocasio**, **supra**, at 354 (citation omitted).

To present a viable cause of for legal malpractice, a plaintiff must establish all of the following: "1) Employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.C.P. 1042.3 (emphasis added).

knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff." ***Sokolsky v. Eidelman***, 93 A.3d 858, 862 (Pa.Super. 2014) (citation omitted; emphasis added). A plaintiff's damages must be actual rather than nominal and cannot be speculative. ***Id***.

Herein, the averments in Appellant's complaint fell short of setting forth the elements of a legal malpractice case. The allegations were rambling, lacked cohesion, and fatally vague. Critically, Appellant neither delineated any issue that should have been presented during the PCRA proceeding nor developed how the issue would have warranted PCRA relief. While Appellees admittedly did not obtain a copy of the PCRA transcript, given the outcome of the PCRA proceedings at the PCRA court level, we draw no inference that Appellant would have prevailed in his appeal from the denial of PCRA relief had the document been in the record. Indeed, Appellant fails to acknowledge that the PCRA court ruled against him after the hearing, that trial counsel testified that Appellant himself rejected the plea offer, and that our standard of review in the PCRA context is deferential to the PCRA court's rulings.

On appeal, Appellant once again simply relies upon the fact that Appellees did not procure a transcript of the PCRA hearing, suggesting that reversal is warranted solely on that ground. Appellees' fault in that respect, standing alone, does not establish that Appellant would have

prevailed during his PCRA proceeding. Appellant does not establish the existence of actual harm from the omission in question. We therefore affirm the trial court's ruling that Appellant's lawsuit was frivolous.

Appellees' motion to quash the appeal is denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2016