J-S12036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLUE WILKINS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DEPUTY DISTRICT ATTORNEY KRISTIE | : | |
| M. FALBO | : | No. 1013 MDA 2016 |

Appeal from the Order entered June 7, 2016
in the Court of Common Pleas of Dauphin County,
Civil Division, No(s): 2016 CV 3946

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED APRIL 13, 2017**

Glue Wilkins ("Wilkins"), *pro se*, appeals from the Order dismissing, with prejudice, his *pro se* civil Complaint ("the Complaint"), filed against Kristie M. Falbo, Esquire ("Falbo"), a Dauphin County Deputy District Attorney, as being frivolous under Pennsylvania Rule of Civil Procedure 240(j).[1]  We affirm.

---

[1] Rule 240(j) provides, in relevant part, as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court[,] prior to acting upon the petition[,] may dismiss the action, proceeding or appeal if … it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1); **see also Neitzke v. Williams**, 490 U.S. 319, 325 (1989) (superseded by statute) (explaining that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

In December 2014, the Commonwealth charged Wilkins with barratry. *See* 18 Pa.C.S.A. § 5109 (providing that "[a] person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits."). On September 25, 2015, Wilkins pled guilty to barratry (hereinafter referred to as "the criminal case"). The trial court sentenced Wilkins to one year of probation, with the condition that he not engage in any further vexatious lawsuits.[2] Wilkins filed a *pro se* direct appeal, and this Court dismissed the appeal for the failure of Wilkins's brief to comply with several Rules of Appellate Procedure. *See Commonwealth v. Wilkins*, 2016 Pa. Super. Unpub. LEXIS 1957 (Pa. Super. 2016) (judgment order).

On May 20, 2016, Wilkins filed the Complaint. Wilkins then filed a Petition for leave to proceed *in forma pauperis*. Thereafter, Wilkins filed various *pro se* documents that are not relevant to this appeal.

On June 7, 2016, the trial court entered an Order dismissing the Complaint as frivolous under Rule 240(j). Wilkins filed a timely Notice of Appeal, in response to which the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Wilkins timely

---

[2] Wilkins is an inmate incarcerated at the State Correctional Institution at Fayette, serving a term of 12 to 24 years in prison for, *inter alia*, attempted murder.

filed a *pro se* document entitled "Questions for Review."[3]

The Statement of Questions Presented section of Wilkins's *pro se* brief presents four vague and confusing issues, none of which pertain to the trial court's dismissal of the Complaint. Brief for Appellant at 1. For ease of disposition, we incorporate Wilkins's issues herein by reference. ***See id.***

"Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Ocasio v. Prison Health Servs.***, 979 A.2d 352, 354 (Pa. Super. 2009). For purposes of Rule 240(j), a frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." ***Id.*** (quoting ***Neitzke****,* 490 U.S. at 325). "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." ***Ocasio***, 979 A.2d at 354 (citation and quotation marks omitted). Rule 240(j) requires that a trial court review the action to determine frivolity prior to addressing the merits of the complaint. ***Id.***

---

[3] In its Pa.R.A.P. 1925(a) Opinion, the trial court accurately explains that "[t]his document included numerous 'questions' that do not pertain to the instant appeal and are not applicable to th[e] [] dismissal of the action as frivolous." Trial Court Opinion, 7/11/16, at 1 (unnumbered); ***see also Ferris v. Harkins***, 940 A.2d 388, 397 (Pa. Super. 2007), *vacated on other grounds*, 961 A.2d 56 (Pa. 2008), (observing that "when the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided the functional equivalent of no Concise Statement at all." (citation and quotation marks omitted)).

In his somewhat incoherent and confusing Argument section, Wilkins largely challenges his allegedly unlawfully induced guilty plea and sentence imposed in the criminal case. Nowhere, however, does he challenge the dismissal of the Complaint pursuant to Rule 240(j).[4]

In its Opinion, the trial court addressed the dismissal of the Complaint as follows:

> [The] Complaint is largely unintelligible and includes references to numerous statutes that do not appear to relate to any purported cause of action. Upon thorough review of the Complaint, [the trial c]ourt is at a loss to identify any actual claims against [Falbo] or facts that allege that [Falbo] engaged in any wrongdoing that caused [Wilkins] harm.[5] [Wilkins] seeks compensatory damages in the amount of $25,000; punitive damages in the amount of $100,000; and declarative damages as deemed appropriate by the [c]ourt.
>
> [Wilkins] does not provide any factual or legal basis in support of any claim against [Falbo], and [the trial c]ourt cannot decipher what claim [Wilkins] is purporting to bring. [Wilkins] has also failed to state how he incurred damages as a result of any purported wrongdoing of [Falbo]. Finally, [Wilkins] has not set forth any facts or legal authority that would sustain a claim for punitive damages against [Falbo].

----

[4] Moreover, the only claim that Wilkins levels against Falbo (who, the Complaint alleges, was the prosecutor involved in the criminal case) is that she (1) ignored a prior plea agreement that Wilkins had entered into with a separate District Attorney in the criminal case; and (2) therefore "clearly neglected or failed to perform a duty of office[,]" and "cannot continue in furtherance of conduct by the Office of [the] Dauphin County District Attorney that led to a wrongful conviction." Brief for Appellant at 4.

[5] Indeed, the Complaint barely mentions Falbo, aside from listing her as the Defendant, and stating that "[Falbo] notified [Wilkins] that the[] [District Attorney's Office] would not be correcting any errors in the criminal history record information." Complaint, 5/20/16, at 1, 3 (emphasis and quotation marks omitted).

- 4 -

> Based upon [the trial court's] review of [the] Complaint, we were satisfied that the Complaint did not set forth a valid cause of action against [Falbo]. [The] Complaint has no basis in law or fact that would arguably entitle [Wilkins] to relief. As such, prior to acting upon [Wilkins's] Petition for Leave to Proceed *in Forma Pauperis*, [the trial court] dismissed his action as frivolous pursuant to Pa.R.C.P. 240(j).

Trial Court Opinion, 7/11/16, at 2-3 (unnumbered, footnote added).

The trial court's above analysis is supported by the record, and its determination that the Complaint is frivolous is sound. We discern no violation of Wilkins's constitutional rights, or abuse of discretion by the trial court in dismissing the Complaint with prejudice. *See Ocasio*, 979 A.2d at 356 (noting that Rule 240(j) is not unconstitutional, and holding that the trial court did not abuse its discretion in dismissing the *pro se* plaintiff's complaint against the prison medical provider, with prejudice, as it was frivolous and could not be amended to bring a cause of action against the defendants). Accordingly, none of Wilkins's issues on appeal entitle him to relief, and we affirm the Order dismissing the Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017