J-S76002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN CREDICO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEST CHESTER UNIVERSITY, | : | No. 2166 EDA 2017 |
| CHESTER COUNTY, WEST CHESTER | : | |
| TOWNSHIP, WEST CHESTER | : | |
| UNIVERSITY POLICE DEPARTMENT, | : | |
| MICHAEL BIKING OF WEST | : | |
| CHESTER UNIVERSITY POLICE, | : | |
| LYNN KLINGENSMITH OF WEST | : | |
| CHESTER UNIVERSITY, JACK | : | |
| WABER OF WEST CHESTER | : | |
| UNIVERSITY BIOLOGY STAFF, | : | |
| BARBARA GIZA OF WEST CHESTER | : | |
| UNIVERSITY PSYCHOLOGY STAFF | : | |
| AND JOHN/JANE DOES | : | |

Appeal from the Order Entered June 15, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2017-5910-RC

| | | |
|---|---|---|
| JUSTIN CREDICO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEST CHESTER UNIVERSITY, | : | No. 2167 EDA 2017 |
| CHESTER COUNTY, WEST CHESTER | : | |
| TOWNSHIP, WEST CHESTER | : | |
| UNIVERSITY POLICE DEPARTMENT, | : | |
| MICHAEL BIKING OF WEST | : | |
| CHESTER UNIVERSITY POLICE, | : | |
| LYNN KLINGENSMITH OF WEST | : | |
| CHESTER UNIVERSITY, JACK | : | |

| WABER OF WEST CHESTER | : |
| UNIVERSITY BIOLOGY STAFF, | : |
| BARBARA GIZA OF WEST CHESTER | : |
| UNIVERSITY PSYCHOLOGY STAFF | : |
| AND JOHN/JANE DOES | : |

Appeal from the Order Entered June 15, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2017-05910

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED MARCH 26, 2018**

Pro se Appellant, Justin Credico, argues the trial court erred in dismissing his complaint as frivolous. After careful review, we conclude the court did not err, and therefore affirm.[1]

In his complaint, filed June 19, 2017, Credico asserted various actors had violated his civil rights in 2008. Credico, who is currently incarcerated in FCI Allenwood, a federal prison,[2] filed a concurrent application for in forma

---

* Retired Senior Judge assigned to the Superior Court.

[1] As all of the named defendants in this matter are local or state agencies, Credico should have appealed this matter to the Commonwealth Court. "[T]he Commonwealth Court has exclusive appellate jurisdiction of appeals involving tort claims against a Commonwealth or local agency." **Flaxman v. Burnett**, 574 A.2d 1061, 1064 n.4 (Pa. Super. 1990). **See also Balshy v. Rank**, 490 A.2d 415, 420 (Pa. 1985) (finding section 1983 claims for damages create a species of tort liability). Appellees have not objected to the exercise of our jurisdiction over this matter, thus our jurisdiction is perfected and we decline to transfer this appeal. **See** Pa.R.A.P. 741(a).

[2] A federal jury convicted Credico of threatening federal agents and their family members. **See United States v. Credico**, ____ Fed.Appx. ____, 2017

*pauperis* ("IFP") status, which would allow for waiver of filing fees, among other expenses.

Under the Rules of Civil Procedure, a court considering a request for IFP status may dismiss any associated action if the court determines the action is frivolous. **See** Pa.R.C.P. 240(j). An action is frivolous if it lacks any arguable basis in either the law or the facts alleged. **See Ocasio v. Prison Health Services**, 979 A.2d 352, 354 (Pa. Super. 2009). An action lacks an arguable basis in law or in fact if, taking all factual assertions as true, it does not set forth a valid cause of action. **See id**.

In dismissing Credico's action, the court observed that the allegations of wrongful conduct all occurred in 2008, while Credico did not file his complaint until 2017. While the causes of actions Credico seeks to assert are not entirely clear, the trial court is undoubtedly correct that all are governed by a two-year statute of limitations. **See** 42 Pa.C.S.A. § 5524 (two-year cause of action for tort claims); **Wilson v. Garcia**, 471 U.S. 261, 276-280 (1985)

---

WL 6422349 (3d Cir. 2017). He made hundreds of phone calls to the FBI. Eventually, he left voicemails, "which included graphic threats to murder [Special Agent] Milligan and defile his corpse, murder Special Agent Jim Fitzgerald, rape Milligan's wife, and anally rape Fitzgerald's daughter (whom Credico referenced by name)…." **Id**., at *1.

A search of Credico's name in Westlaw reveals he is a prolific *pro se* litigant. **See**, **e.g.**, **Credico v. Unknown Official for U.S. Drone Strikes**, 2013 WL 1446323 (E.D. Pa. 2013) (dismissing Credico's complaint "as frivolous because [his] suggestion that the federal government might kill him with a drone is delusional and irrational[]") (unpublished memorandum).

(holding section 1983 claims are governed by the state statute of limitations for tort claims), *superseded by statute on other grounds*, as stated in ***Jones v. R.R. Donnelley & Sons Company***, 541 U.S. 369, 377-378 (2004). Thus, all of Credico's claims are time-barred and his complaint is clearly frivolous.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18