J-S44001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AARON CHRISTOPHER WHEELER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA LINK | : | No. 970 EDA 2018 |

Appeal from the Order Entered January 16, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  18-000413

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                          Filed July 20, 2018

Aaron Christopher Wheeler appeals *pro se* from the trial court's order denying his petition to proceed *in forma pauperis* (IFP) and motion for injunctive relief in the parties' underlying breach of contract matter.  The court deemed the lawsuit frivolous and, thus, dismissed the matter pursuant to Pa.R.C.P. 240(j)(1).  After careful review, we affirm.

Wheeler, an inmate at SCI-Graterford, avers that he suffers from a terminal form of leukemia, Chronic Lymphocytic Leukemia (CLL).  Wheeler asserts that his current prison roommate, Michael Hinkle, has provided him with necessary emotional support as he undergoes his treatment for his illness.  Wheeler alleges that prison authorities assured him that he would be permitted to share a cell with Hinkle in exchange for his agreement to surrender his single-cell status ("Z-Code status").  Since that alleged agreement, the Department of Corrections began construction for a new

correctional institution, Phoenix-SCI, which would replace SCI-Graterford at its current location. Because Phoenix has fewer, but larger cells, it necessarily will require a change in the housing arrangements of the Graterford inmates. Prison authorities posted a memo informing the Graterford inmates that they should submit a written "Phoenix Cell Agreement" (Cell Agreement) requesting a cellmate for Phoenix. Both Wheeler and Hinkle filled out their individual Cell Agreements, listing each other as preferred cellmates.

When prison authorities failed to honor Wheeler's cellmate request for Phoenix, he instituted the underlying "breach of contract/cell agreement" action against, among others,[1] Appellee Cynthia Link, the Superintendent of SCI-Graterford. In his complaint, Wheeler seeks IFP status, injunctive relief (specific performance of Cell Agreement), and costs. Wheeler Complaint, 1/11/18, at 6. At the same time he filed his complaint, Wheeler also filed a petition and affidavit for leave to proceed IFP, averring that he is unable to pay the fees and costs of prosecuting the action and is unable to obtain funds for the cost of litigation. The trial court denied Wheeler's petition, dismissing his complaint for frivolity and, accordingly, denying his IFP request.

This timely appeal follows. Wheeler presents the following issues for our consideration:

> [1] Whether the [l]ower [c]ourt erred in dismissing [Wheeler's] Complaint pursuant to Pa.R.Civ.P.240 (j)(1) (for failure to plead a breach of contract action and/or the Court was under the

---

[1] Wheeler also named John Wetzel as a defendant in the underlying suit. Wetzel is the Secretary of Corrections.

impression that Petitioner was untruthful about his poverty) without providing [Wheeler] with a fair . . . opportunity to amended/correct any defect in his pleadings?

[2] Whether the [l]ower [c]ourt [p]rocessors [sic] erred in failing to file [Wheeler's] timely filed Motion for Temporary Restraining Order, Preliminary Injunctive Relief and/or Prospective Relief, Motion for Reconsideration/Reargument; Supplement[al] Motion for Reconsideration/Reargument within 10 days of 1/16/18 dismissal Order; Motion for Leave to filed Amended Complaint and Amended Complaint within 20 days of 1/16/18 Order; Notice of Appeal within 30 days of 1/16/18 Order?

[3] Whether [Wheeler's] Complaint and Amended Complaint pled a breach of contract action where the Complaints should have been filed, served, and allowed to proceed?

[4] Whether [Wheeler's] Motion for Temporary Restraining Order, Preliminary Injunctive Relief, and/or Prospective Relief pled a cause of action where a[] hearing should have been . . . and [Wheeler] should have been heard on his entitlement to relief in the form of a Temporary Restraining Order, Preliminary Injunctive Relief and/or Prospective Relief?

[5] Whether [Wheeler] is entitled to remand, filing and processing of his timely filed pleadings, cause of action and relief in his cause of breach of contract?

Appellant's Brief, at iv.

Appellate review of a decision dismissing an action pursuant to Rule 240(j) "is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa. Super. 2009). Pursuant to Rule 240(j)(1):

(1)     If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or

> if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). An action is frivolous under Rule 240(j) "if, on its face, it does not set forth a valid cause of action." ***Id.***, citing ***McGriff v. Vidovich***, 699 A.2d 797, 799 (Pa. Commw. 1997).

Instantly, the Cell Agreement for Phoenix was titled as a "request." Thus, it was made clear to Wheeler that he was not guaranteed to share a cell with Hinkle at Phoenix, even if they listed each other as requested cellmates on their respective Cell Agreements. In fact, the form specifically denotes that prison staff has the authority to approve or disapprove an inmate's cellmate selection. Under such circumstances, we agree with the trial judge that Wheeler's lawsuit is frivolous under Rule 240(j)(1), where he failed to set forth a valid cause of action. ***McGriff***, ***supra***. Additionally, because Wheeler's constitutional rights were not violated, we discern no abuse of discretion or error of law on the part of the trial court. ***Ocasio***, ***supra***. Finally, because Wheeler filed an IFP petition simultaneously with his breach of agreement action, the court also properly dismissed his request for IFP status. Pa.R.C.P. 240(j)(1).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018