# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joshua Payne, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 889 C.D. 2023 |
| | : | |
| Pennsylvania Department of | : | |
| Corrections, C. Hauser, C. Mook, L. | : | |
| White, John Doe, and Jane Doe | : | Submitted: July 5, 2024 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                     HONORABLE CHRISTINE FIZZANO CANNON, Judge
                     HONORABLE MATTHEW S. WOLF, Judge

**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF                                                      FILED:  June 11, 2025

Joshua Payne (Payne) appeals from an order entered by the Court of Common Pleas of Schuylkill County (trial court) on July 7, 2023, which dismissed his civil complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Finding no error in the trial court's determination of frivolousness, we affirm.

Payne was formerly an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy).  On June 12, 2023, Payne filed his *pro se* complaint in the trial court against the Department of Corrections (Department) and individuals identified as C. Hauser, C. Mook, L. White, and John/Jane Does #1-4 (collectively, Defendants), who Payne alleges at all times relevant were employed at SCI-

Mahanoy.  Original Record (O.R.) at 13.[1]  Along with his complaint, Payne filed an application to proceed *in forma pauperis* (IFP petition).  *Id.* at 7.

Payne pleaded three counts through his complaint: two counts of negligence against various Defendants and one count of a violation of Article I, Section 13 of the Pennsylvania Constitution[2] against various Defendants.  O.R. at 17-18.  In support of those claims, Payne alleged that while he was incarcerated at SCI-Mahanoy he was illegally charged three copays (two in the amount of $5 and one in the amount of $10) for prescription medicated lotion to treat dry skin.  *Id.* at 14-15.  Payne alleges that certain Defendants told him he would not be charged copays or that he would be reimbursed for said copays after he was charged.  *Id.* Payne further alleges that the copays were assessed in violation of the Department's regulations governing prison medical services programs.  *Id.* at 16-17; s*ee also* 37 Pa. Code §§ 93.12(d)(7) and (16).[3]  Accordingly, Payne argued that Defendants had a duty to comply with the regulations and ensure he was not charged for the copays at issue.  *Id.* at 17-18.  Because the copays were charged, Payne also asserts they amount to an excessive fine in violation of his rights under Article I, Section 13 of the Pennsylvania Constitution.  *Id.*

By order dated July 7, 2023, the trial court denied Payne's IFP petition and dismissed his complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1).  O.R. at 19.  In its accompanying opinion, the trial court held that Payne failed to plead a

---

[1] Page number refers to electronic pagination as the Original Record is not paginated.

[2] Article I, Section 13 of the Pennsylvania Constitution provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."  Pa. Const. art. I, § 13.

[3] The Department's regulations relating to prison medical services programs are authorized by the Correctional Institution Medical Services Act, 61 Pa.C.S. §§ 3301-3307.

cause of action in negligence or establish a constitutional violation. *Id.* at 21-22. Payne appealed the trial court's order to this Court. *Id.* at 23.

On appeal,[4] Payne contends that the trial court erred in dismissing his complaint, alleging that he sufficiently pleaded both his negligence and constitutional claims.

Rule 240(j)(1) controls the procedure through which a litigant without the means to pay for the costs of litigation may proceed IFP. Pa.R.Civ.P. No. 240(j)(1); *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009). It states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). Accordingly, the rule permits a court to dismiss a frivolous action when such action is filed simultaneously with an IFP application. A frivolous action is one that "lacks an arguable basis in law or fact." *Note* to Pa.R.Civ.P. 240(j) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Simply put, if an action fails to state a valid cause of action on its face, the action is frivolous and may be dismissed. *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997).

---

[4] Our review of a denial of an IFP application and dismissal of a complaint as frivolous pursuant to Rule 240(j)(1) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

3

We address first the trial court's conclusion that Payne's complaint failed to adequately state a cause of action sounding in negligence. The elements of negligence are well established:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;
>
> (2) defendant's failure to conform to the standard required;
>
> (3) a causal connection between the conduct and the resulting injury;
>
> (4) actual loss or damage resulting to the plaintiff.

*R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). In his brief, Payne argues that the Department's regulations prohibit the charge of a copay for treatment of his dry skin condition, and therefore, the Defendants' actions in charging him three copays was negligent.

Section 93.12 of the Department's regulations governs prison medical services programs. Subsection (d) lists 24 scenarios in which the Department will not charge a fee to an inmate. Relevant here, are subsections (d)(7) and (d)(16), which provide:

> (d) The Department will not charge a fee to an inmate for any of the following:
>
> . . . .
>
> (7) Medical treatment for a chronic or intermittent disease or illness.
>
> . . . .

> (16) Medication prescription subsequent to the initial medication prescription provided to an inmate for the same illness or condition.

37 Pa. Code. §93.12(d)(7), (16). The Department has issued a policy commonly referred to as "Policy 820," which defines chronic medical diseases/illnesses as: "Asthma, Congestive Heart Failure, Coronary Artery Disease, Diabetes, Dislipidemia, Hepatitis C, HIV and Hypertension[.]" DC–ADM 820 at III(G).[5]

Payne maintains that the medicated lotion he was prescribed was necessary to treat dry skin caused by diabetes. He maintains that per Section 93.12(d)(7) and Policy 820, diabetes constitutes a chronic disease, and therefore no copays related to treatment thereof are permitted. He also cites subsection (d)(16) in support, maintaining that the medicated lotion is a medical prescription issued subsequent to his initial medication prescribed for diabetes.

As noted by the trial court in its opinion, this Court has previously addressed the issue of whether the Department may charge a copay for medicated lotion for dry skin under Section 93.12(d) of its regulations. In *Portalatin v. Department of Corrections*, 979 A.2d 944 (Pa. Cmwlth. 2009), an inmate argued that medicated lotion to treat an alleged chronic skin condition was not subject to a copay. We disagreed, concluding that a chronic skin condition did not fall under the Department's definition of chronic medical disease or illnesses, which are limited to those set forth in Policy 820. We explained that nothing in the Department's regulation states that the Department may not charge a copay fee for *any* chronic illness or disease. Per Policy 820, we acknowledged that the Department has limited

---

[5] Available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/820%20Co-Payment%20for%20Medical%20Services.pdf. (Last accessed June 10, 2025).

the definition of chronic medical disease or illness, and its interpretation must be upheld. *Portalatin*, 979 A.2d at 950.

Here, Payne does not assert that his dry skin condition is a chronic illness itself, but rather that this dry skin stems from a chronic illness recognized by the Department – diabetes – and therefore the medicated lotion is also not subject to a copay. However, this argument misses the mark. Treatment for diabetes-related complications or comorbidities is not the same as treatment for diabetes itself. Payne's dry skin condition is just that – a separate condition. Accordingly, the trial court properly held that Payne could not establish a duty on the part of Defendants to not charge copays for his prescription medicated lotion. Thus, the trial court properly concluded his negligence claims were frivolous.

Based on this conclusion, we also hold the trial court properly held that Payne did not state a viable claim under Article I, Section 13 of the Pennsylvania Constitution. Because the copays were properly charged under the Department's regulations, the copays do not constitute excessive fines. *See Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999) (holding that "[r]equiring inmates to pay a minimal fee for their medical care does not amount to deliberate indifference to their serious medical needs. The Eighth Amendment 'does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical care decisions made by most non-prisoners in our society.'") (quoting *Reynolds v. Wagner*, 128 F.3d 166 (3rd Cir. 1997)) (internal citations omitted).[6]

---

[6] While the holding in *Silo* is based on analysis of the Eighth Amendment of the United States Constitution, the text of the Eighth Amendment and Article I, Section 13 of the Pennsylvania Constitution are virtually identical, and thus the analysis applies.

For the foregoing reasons, the trial court's order is affirmed.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Payne,
     Appellant

   v.

Pennsylvania Department of
Corrections, C. Hauser, C. Mook, L.
White, John Doe, and Jane Doe

:
:
:
:
:
:
:
:
:
:

No. 889 C.D. 2023

# **O R D E R**

AND NOW, this 11TH day of June 2025, the July 7, 2023 order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge