J-S15026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GREGORY REDMOND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDY'S RESTAURANT | : | No. 3212 EDA 2025 |

Appeal from the Order Entered November 25, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  251002587

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 4, 2026**

Gregory Redmond (Appellant) appeals, *pro se*, from the order dismissing his complaint against Wendy's Restaurant (Wendy's), in which he alleged due process violations under the Fourteenth Amendment to the United States Constitution.  Because we agree that Appellant's action was frivolous, we affirm.

On October 23, 2025, Appellant, *pro se*, filed a petition for leave to proceed *in forma pauperis* and a civil complaint against Wendy's.  In the complaint, Appellant averred that on October 18, 2025, he was seated inside Wendy's, waiting for his wife to join him for breakfast.  **See** Complaint, 10/18/25, at 2 (unnumbered).  Appellant alleged that a security guard

_____

[*] Former Justice specially assigned to the Superior Court.

approached and informed Appellant that he needed to buy something in order to remain in the restaurant. *Id.* Then, according to Appellant, the security guard reached toward his gun and told Appellant that he had to leave Wendy's or he would be arrested. *Id.* Appellant alleged Wendy's violated the Fourteenth Amendment by depriving him of life, liberty, or property without due process of law. *Id.* at 3 (unnumbered).[1]

On November 24, 2025, finding that Appellant's action was frivolous, the trial court entered an order dismissing Appellant's complaint. Order, 11/24/25 (citing Pa.R.C.P. 240(j)(1)). This timely appeal followed.[2]

On appeal, Appellant generally claims the trial court erred or abused its discretion by dismissing his complaint without a hearing. *See* Appellant's Brief at 3 (unnumbered).

Appellant's handwritten appellate brief is largely illegible. We acknowledge Appellant's *pro se* status in this matter. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). "To the contrary, any person choosing to represent himself

_____

[1] Wendy's did not respond to Appellant's complaint, nor did it file an appellee's brief. From the record, it is unclear whether Appellant properly served Wendy's with the complaint.

[2] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Wilkins v. Marsico***, 903 A.2d 1281, 1285 (Pa. Super. 2006).

From what we are able to discern, and construing the brief's contents liberally, Appellant's argument includes a series of bald assertions that Wendy's violated Appellant's due process rights by telling him he could not sit in the restaurant without making a purchase. These assertions are not supported by relevant case law, citations, or clear argument. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").[3] "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Bombar v. West Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007). We could deem Appellant's claim waived on this basis. ***See Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that "arguments which are not appropriately developed are waived.").

Nevertheless, we address Appellant's argument to the extent we are able to discern his claim. Pennsylvania Rule of Civil Procedure 240(j)(1) provides as follows:

_____

[3] Appellant's brief then detours to a discussion of the Code of Judicial Conduct and the importance of an unbiased judiciary, absent any application of these principles to his underlying claims. Appellant appears to suggest that the trial court exhibited bias simply by dismissing his complaint. ***See*** Appellant's Brief at 10-11 (unnumbered). Appellant has made no concrete allegation that the trial court displayed bias or prejudice against him.

- 3 -

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." ***Id.***, note (citation omitted). "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." ***Ocasio v. Prison Health Servs.***, 979 A.2d 352, 354 (Pa. Super. 2009) (citation omitted).

Our "review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j)(1) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Appellant asserts he was deprived of due process when he was forced to leave Wendy's. "In procedural due process claims, the deprivation **by state action** of a constitutionally protected interest in life, liberty, or property is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." ***Washington v. Pa. Dep't of Corrs.***, 306 A.3d 263, 296 (Pa. 2023) (emphasis added; citation and quotation marks omitted). The Pennsylvania Supreme Court has explained that

> the amount of process that is due in any particular circumstance must be determined by application of the three-part balancing test first established in ***Mathews v. Eldridge***, 424 U.S. 319 … (1976).

- 4 -

This balancing test considers three factors: (1) the private interest affected by the governmental action; (2) the risk of an erroneous deprivation together with the value of additional or substitute safeguards; and (3) the state interest involved, including the administrative burden the additional or substitute procedural requirements would impose on the state.

***Friends of Danny DeVito v. Wolf***, 227 A.3d 872, 897 (Pa. 2020) (some citations omitted).

Instantly, the trial court cogently addressed Appellant's claim as follows:

[Appellant] was not subjected to a deprivation of his rights by the government or a state actor, as Wendy's [is] a private entity engaged in the business of selling food. As such, [Appellant's] due process rights[,] as set forth in the federal and Pennsylvania constitutions[,] were not implicated.

Trial Court Opinion, 1/6/26, at 3. We agree with the trial court. Because this incident involved no government action, Appellant's claim lacked an arguable basis in law and in fact. ***See generally Ocasio***, ***supra***. Thus, Appellant's

action was frivolous, and the trial court properly dismissed the action under Rule 240(j)(1).[4,5]

Order affirmed. Application for Relief denied.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2026

---

[4] In his appellate brief, Appellant vaguely argues (without citation) that Wendy's is a public accommodation. Appellant has not properly developed this claim, nor did he raise it in his original complaint. **See** Pa.R.A.P. 2119(a); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Even if Appellant had preserved this claim, we would conclude it lacks merits for the reasons set forth by the trial court. **See** Trial Court Opinion, 1/6/26, at 3 (defining "public accommodation" for purposes of a discrimination claim under the Pennsylvania Human Relations Act, 43 P.S. § 953), 4 (concluding Appellant failed to allege he was asked to leave Wendy's for a discriminatory reason).

[5] On April 7, 2026, Appellant filed in this Court a *pro se* application for relief, which he titled a "Motion for Summary Judgment." Therein, Appellant restates the facts he alleged in his complaint, and asserts he "was discriminated against on the bas[i]s of race or sex or civil right." Application for Relief, 4/7/26, at 2 (unnumbered). We deny Appellant's application for relief for the reasons stated in this memorandum.