J. S76017/16

2016 PA Super 304

| | | | |
|---|---|---|---|
| D.R.M., | : | IN THE SUPERIOR COURT OF | |
| APPELLANT | : | PENNSYLVANIA | |
| | : | | |
| v. | : | | |
| | : | | |
| N.K.M. | : | | |
| | : | | |
| | : | | |
| | : | No. 1100 EDA 2016 | |

Appeal from the Order March 31, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2010-8597

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                    **FILED DECEMBER 23, 2016**

Appellant, D.R.M. ("Mother"), appeals from the March 31, 2016 Order denying her Application for Leave to Proceed *In Forma Pauperis* ("IFP Petition") that Mother filed in conjunction with numerous appeals she has filed in an acrimonious custody dispute between Mother and Appellee, N.K.M. ("Father"). After careful review, we affirm the trial court's denial of Mother's IFP status and find, *inter alia*, that the trial court did not abuse its discretion when it included income from tax credits and refunds in its calculation of income for purposes of IFP eligibililty.

A detailed recitation of the custody dispute between Mother and Father is not necessary to our disposition of the IFP Petition. In sum, Mother

_____

[*] Former Justice specially assigned to the Superior Court.

initiated a custody dispute in 2009 regarding Mother and Father's two children and the dispute continues until today.

On February 23, 2016, the trial court found Mother in contempt of the existing Custody Order. Order, 2/23/16. On March 2, 2016, the trial court ordered, among other things, that the parties' two minor children attend counseling sessions. Order, 3/2/16. Mother, in contemplation of appealing those two orders, filed the instant IFP Petition. After a hearing, the trial court denied the IFP Petition on March 31, 2016.

Mother timely appealed, and both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

1. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it failed to provide a brief statement of its reason for denying [Mother]'s IFP [P]etition thereby denying [Mother] the ability to cure any defects.

2. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it failed to disclose during the evidentiary hearing why it was "inclin[ed] not to grant" [Mother]'s IFP [P]etition, thereby preventing her from presenting testimony that would have addressed the court's concerns.

3. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it failed to disclose the standard and/or guideline it used to determine IFP eligibility where Pa.R.C.P. 240 and Delaware County Local Rules are silent on providing such disclosures.

4. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it included Appellant's 2015 federal Earned Income Credit (EIC) and Child Tax Credit

(CTC) as income for IFP eligibility purposes, when such amounts are "benefits" awarded by the Internal Revenue Service and as such are not included as income of indigent persons seeking assistance from federal and/or federally funded programs.

5. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it considered [Mother]'s gross income and not net income in determining IFP eligibility and "financial resources."

6. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it sought and considered testimony regarding [Mother]'s "unusual expenses" instead of ordinary expenses during the evidentiary hearing.

7. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it considered [Mother]'s wage income projected for the remainder of 2016, since those projected wages were not currently available to Appellant.

8. Whether the Lower Court erred as a matter of law, and therefore abused its discretion, when it failed to consider [Mother]'s lack of income during part of the 12 month period prior to filing her IFP petition.

9. To the extent its denial was based upon it, whether the Lower Court erred as a matter of law when it failed to require counsel for [Mother] to file a Pa.R.C.P. 240(d)(1) affidavit of free legal services.[1]

Mother's Brief at 1-3 (reordered for ease of disposition).

We first note that these issues are properly before us as our Supreme Court has held that "an order denying *in forma pauperis* status is a final, appealable order." **Grant v. Blaine**, 868 A.2d 400, 402 (Pa. 2005).

---

[1] In her Brief, Mother abandoned this claim of error stating: "Mother withdraws her Rule 240(d)(1) affidavit statement of error since the lower court did not rely upon it in denying Mother's IFP Application." Mother's Brief at 20 (capitalization omitted). Accordingly, we do not address it.

Furthermore, "[i]n reviewing a trial court's resolution of an application to proceed *in forma pauperis,* we reverse only if the court abused its discretion or committed an error of law." **Amrhein v. Amrhein**, 903 A.2d 17, 19 (Pa. Super. 2006). An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. **Commonwealth v. Tickel**, 2 A.3d 1229, 1233 (Pa. Super. 2010). The trial court "has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis.*" **Amrhein, supra** at 20.

Mother's first two issues on appeal allege that the trial court failed to provide the Mother with the opportunity to address the trial court's concerns about her IFP Petition and supplement the record to address those concerns.

Pa.R.C.P. 240 ("Rule 240") governs the filing of IFP Petitions generally and provides that if "the petition is denied, in whole or in part, the court shall briefly state its reasons." Pa.R.C.P. 240(c)(3). This Court has instructed, if "the trial court is inclined to deny . . . IFP applications after conducting the appropriate evidentiary hearing(s), the trial court must place a brief statement of its reasons on the record and/or in its order(s)." **Goldstein v. Haband Co.**, 814 A.2d 1214, 1218 (Pa. Super. 2002). Further, "[t]he benefit of a brief, contemporaneous statement is to allow a litigant claiming IFP status, either *pro se* or with counsel, to correct any technical or other mistakes in the petition . . . " **Id.**

A review of the record reveals that the trial court did, in fact, inform Mother of its concerns and then allowed the parties to supplement the record after the hearing with additional information and case law. Therefore, issues one and two lack merit.

Mother's third argument on appeal is that the trial court failed to disclose the standard and guidelines for denying the IFP Petition. There is no merit to this claim as well.

A trial court has considerable discretion in determining whether a person is indigent for purposes of IFP status. *Amrhein, supra*, at 20. In this case, the trial court properly considered Mother's financial resources as well as "expenses and the realities of life." Trial Ct. Op. at 8. In particular, the court reviewed Mother's most recent paystub and determined that her average monthly net income was $2,067.14 ($2,328.93 average monthly gross income less $261.79 average monthly taxes deducted per paystub). *Id.* at 4.

The trial court then added in her tax credits and refunds as well as child support payments and determined that "[Mother] has available to her, for the support of herself and her two children $3,358.22 per month." *Id.* The trial court then considered monthly living expenses, including rent, car payment, car insurance, and cell phone. *Id.*

The trial court also evaluated Mother's tax situation and found that at "the time of the hearing Counsel did not specify those taxes Mother **did not**

have refunded." *Id.* at 3 (emphasis in original). The trial court totaled Mother's tax credits and refunds and "estimated that approximately $6,000 of that total should be added to Mother's income." *Id.* at 3.

Based on this information, the trial court concluded that Mother could afford the cost of filing the numerous appeals from the custody dispute:

> Based on the above, Mother has fixed monthly expenses of $954. Mother also testified that she had costs for groceries, personal care products, gas, clothing and haircuts. Mother did not specify the amounts spend on these items.
>
> The [c]ourt is aware of the realities of life which dictate that Mother would have expenses for food, clothing, haircuts, and personal care products for herself and the two children. This [c]ourt believes that there is sufficient income left after payment of the fixed expenses to wit, $2,404.22 per month to pay for the expenses of food, clothing, personal care products, haircuts for [Mother] and the children **and** bear the cost of litigation.

*Id.* at 5 (emphasis in original). Because the trial court provided a reasoned and logical explanation for the denial of IPF Petition, we find that the trial court did not abuse its discretion in denying the IFP Petition. Mother's third issue on appeal also fails.

Mother's fourth issue on appeal is that the trial court erred in including in its calculation of income Mother's Earned Income Tax Credit ("EIC") and Child Tax Credit ("CTC") for 2015. Mother argues that since the federal government does not consider the income from such tax benefits its determination of eligibility for federally funded programs, the trial court should not consider such income when determining IFP status.

Rule 240(h) specifically addresses, *inter alia*, income from government benefit programs when determining a IFP Petitioner's "income." Included in the categories are social security benefits, support payments, disability payments, unemployment compensation and supplemental benefits, workman's compensation, public assistance, and **"other."** Pa.R.C.P. 240(h) (emphasis added).

The trial court relied upon the category of "other" when it concluded that Mother's income from EIC and CTC should be included in its calculation of income for purposes of an IFP Petition. We agree. Since the income from the ETC and CTC are analogous to the other government benefits set forth in Rule 240(h), the trial court did not abuse its discretion in including them in its calculation of Mother's income.

Mother argues that the trial court erred because the federal government does not include such credits to determine eligibility for certain federal programs. Mother, however, fails to cite any case law or authority that would support the assertion that Rule 240 should be read in conjunction with the eligibility requirements for other government benefit programs. To the contrary, Rule 240 clearly requires that benefits from other government programs be included in the calculation for IFP purposes. ***See id.***

Mother next avers that the trial court erred in considering Mother's gross income rather than net income in determining Mother's IFP eligibility. Mother's Brief at 2. A review of the record belies this claim, and reveals that

the trial court did briefly mention gross income on the record during the hearing, N.T. at 17, but clearly used net income in its final IFP determination. Accordingly, this claim fails.

Mother's sixth issue on appeal is whether the trial court abused its discretion when it sought and considered testimony regarding Mother's unusual expenses instead of ordinary expenses during the evidentiary hearing. Mother's Brief at 1. This issue lacks merit.

Here, the trial court heard testimony regarding Mother's monthly expenses, including, *inter alia*, rent, car payment, car insurance, cell phone bill, and "everyday living expenses" for herself and her two children. N.T. at 25-26. The trial court then inquired if Mother had any unusual expenses she would like the court to consider. ***Id.*** at 31. Contrary to Mother's assertion, the trial court considered **both** ordinary and unusual expenses in its determination of Mother's IPF eligibility. Therefore, this claim also fails.

Mother's seventh claim of error avers that the trial court erred when it considered Mother's projected wages for 2016 because those wages "were not currently available to Appellant." Mother's Brief at 2. The trial court calls this argument "nonsensical" because the trial court did **not** consider Mother's eligibility based on potential future earnings. Trial Ct. Op. at 5. Rather, the trial court relied upon Mother's year-to-date paystub from her current employer. ***Id.*** at 4-5.

Moreover, the trial court properly found that Mother did not present evidence that her employment was discontinued. In fact, the opposite was true. Mother testified at the hearing telephonically because attending the hearing in person would have conflicted with her job responsibilities. *Id.* at 5. Thus, we find no abuse of discretion.

Mother's final issue on appeal is that the trial court erred when it failed to consider Mother's past unemployment. Mother's Brief at 2. The trial court stated that it "did consider Mother's testimony that for some period in 2015 she was unemployed." Trial Ct. Op. at 6. Mother, however, did not present any testimony about how that period of unemployment impacted her current income and expenses. *Id.*

We agree with the trial court that since Mother failed to present any evidence of the manner in which the period of unemployment affected her financially, the trial court did not reduce Mother's current income to reflect her prior unemployment. Accordingly, we find this issue meritless.

In sum, we find no abuse of discretion in the trial court's denial of IFP status.[2]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/23/2016*

---

[2] Father's unsupported request for attorney's fees summarily asserted at the end of his Brief is denied.