J-A09036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM INSURANCE COMPANY | : | No. 2340 EDA 2018 |

Appeal from the Order Entered August 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  003216 July Term, 2018

| | | |
|---|---|---|
| RUTH WALLACE, JOHN WALLACE, WILLIAM WALLACE AND JAMIE WALLACE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | No. 2833 EDA 2018 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ALLEN FEINGOLD | : | |

Appeal from the Order Entered September 5, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2001, No. 02380

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 17, 2019**

Allen Feingold (Feingold) appeals from the orders of the Court of

Common Pleas of Philadelphia County (trial court) dismissing his complaint as

_____
*   Retired Senior Judge assigned to the Superior Court.

frivolous under Pa.R.C.P. 240(j)(1) as well as denying his motion to intervene. We affirm.

Both of these consolidated appeals involve a disbarred former attorney attempting to recover against an insurer based on a purported assignment of claims from his former clients. In 1995, John, William and Jaime Wallace (the Wallaces) were in a car accident. The Wallaces later hired Feingold to be their personal injury attorney. In 2001, Feingold filed a petition to compel arbitration on the Wallaces' underinsured motorist (UIM) claims against their insurer, State Farm Mutual Automobile Insurance Company (State Farm).[1] Two years later, an arbitration panel determined that the Wallaces suffered $9,500 in damages. Because the third-party motorist's liability coverage exceeded that amount, State Farm did not pay the Wallaces' UIM arbitration award. In 2005, the Wallaces settled their claims against the third-party motorist for $15,000. Feingold was disbarred in 2008.

On July 27, 2018, Feingold file a *pro se* complaint against State Farm raising claims of breach of contract and bad faith because State Farm failed to pay the $9,500 the arbitration panel found were the damages suffered by the Wallaces. Feingold attached to his complaint a purported agreement between himself and the Wallaces. In the agreement, the Wallaces assigned

---

[1] The Wallaces' mother, Ruth Wallace, was also involved in the accident and a plaintiff in the petition to compel arbitration, but her UIM claim was settled before arbitration.

to Feingold 100% of any claims they had against State Farm as compensation for his past work and expenditures on their behalf. Feingold contemporaneously filed a petition to proceed *in forma pauperis* (IFP) with the complaint. Three days later, the trial court entered an order that denied Feingold IFP status and dismissed his complaint as being frivolous under Pa.R.C.P. 240(j)(1).

On August 3, 2018, Feingold filed a notice of appeal of the trial court's dismissal of his complaint. That same day, he also filed a motion to intervene on the long-dormant docket for his 2001 motion to compel arbitration. In his motion, Feingold requested leave to file a motion to recover the unpaid arbitration award, interest, costs and sanctions against State Farm. He also attached the same purported assignment by the Wallaces that he filed with his dismissed complaint. After the trial court denied Feingold's motion to intervene, Feingold filed another appeal which this Court consolidated with his appeal from the dismissal of his complaint.

Feingold now raises three issues for our review:

1.  Whether the trial court erred in dismissing [Feingold's] petition for IFP status in No. 2340 [EDA 2018]?

2.  Whether the trial court abused its discretion and erred as a matter of law in dismissing [Feingold's] complaint in No. 2340 [EDA 2018] as frivolous?

3.  Whether the trial court erred in denying [Feingold's] petition to intervene in the action at No. 2833 [EDA 2018]?

We first address if the trial court erred in dismissing Feingold's petition for IFP status that he filed with his complaint.[2]  He raises two arguments in support of this claim.  First, he faults the trial court for dismissing his IFP petition and complaint in the same order, arguing that Pa.R.C.P. 240(j)(1) requires the determination of frivolity to be undertaken before consideration of IFP status.  Second, he claims the trial court abused its discretion or erred in concluding he was not entitled to IFP status.

> Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure provides:
>
> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).

Feingold's initial argument is that the trial court did not comply with the Rule because the trial court's order denied him IFP status in the sentence before dismissing his complaint, while the Rule requires that the complaint be dismissed before the IFP status is denied.  This argument is way beyond frivolous.  As this Court has observed, Rule 240(j) allows trial courts to make their IFP and frivolity determinations simultaneously.  ***See***, ***e.g.***, ***Conover v.***

---

[2] "In reviewing a trial court's resolution of an application to proceed *in forma pauperis,* we reverse only if the court abused its discretion or committed an error of law."  ***Amrhein v. Amrhein***, 903 A.2d 17, 19 (Pa. Super. 2006) (quotation omitted).

***Mikosky***, 609 A.2d 558, 560 (Pa. Super. 1992) ("[I]f upon consideration of an *in forma pauperis* petition the trial court determines that the underlying claim in the complaint, procedure or appeal is frivolous, the trial court should dismiss that claim and expressly state so in its order."). Feingold cites to ***Ocasio v. Prison Health Services***, 979 A.2d 352 (Pa. Super. 2009), which involved a trial court that determined a complaint to be frivolous before it denied IFP status. However, the claim that Feingold seeks to raise—that a court can be divested of jurisdiction based on the order in which it determines IFP and frivolity—was not involved in ***Ocasio***. Indeed, nothing in our ***Ocasio*** decision suggests that a trial court's determination of frivolity and IFP status cannot be made at the same time.

Moreover, we find no abuse of discretion in the trial court's determination concerning the underlying merits of Feingold's request for IFP status. "A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*." Pa.R.C.P. 240(b). A trial court "has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*." ***D.R.M. v. N.K.M.***, 153 A.3d 348, 351 (Pa. Super. 2016) (quotation omitted).

In this case, the trial court explained its reasons for denying Feingold's IFP petition:

> Here, [Feingold] failed to demonstrate a lack of financial resources to pay the costs of litigation. [Feingold] previously filed an IFP Petition with this court on January 17, 2018. After a hearing, this court denied the IFP Petition. The IFP Petition [Feingold]

- 5 -

submitted in this case represented no change in [Feingold's] ability to pay the costs of litigation. [Feingold] indicated he receives $2,513.00 per month in social security benefits, which equates to $30,156 per year. Although [Feingold] alleges two individuals are dependent upon him for support, [Feingold] remains far above the federal poverty line. [Feingold] does not appear to have difficulty obtaining the necessities of life.

*See* Trial Court Opinion, 10/10/18, at unnumbered 8-9 (footnote omitted).

Feingold claims the trial court based its determination on his interest in a condominium, but this is belied by the trial court's above reasoning, which was based on Feingold's social security benefits. Further, Feingold attempts to rely on IFP orders in other cases in which he was permitted to proceed IFP status. We find this unavailing as those decisions have no bearing on the trial court's own IFP determination.

Next, Feingold argues that the trial court erred in dismissing his complaint as frivolous under Pa.R.C.P. 240(j)(1). He also contends that even if the frivolity determination was correct, the trial court should have granted leave to amend the complaint rather than dismissing it.[3]

"A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." Pa.R.C.P. 204(j)(1), at Note (citation and internal quotation marks omitted). An action is considered frivolous under

_____

[3] "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Rule 240(j), "if, on its face, it does not set forth a valid cause of action."

***Ocasio***, 979 A.2d at 354 *(citation omitted).*

The first claim that Feingold raised in his complaint was for breach of contract. To state a claim for breach of contract, a plaintiff must establish: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." ***Telwell v. Grandbridge Real Estate Capital, LLC***, 143 A.3d 421, 427 (Pa. Super. 2016) (quotation omitted).

In finding this claim frivolous, the trial court explained that Feingold did not demonstrate the existence of a contract between the Wallaces and State Farm, failing to attach the contract to his complaint or even include its essential terms. ***See*** Trial Court Opinion, 10/10/18, at unnumbered 5-6. Moreover, the trial court noted, Feingold did not allege with any particularity the damages suffered by the alleged beach. ***See id***. at 6. Based on our own review of the July 27, 2018 complaint, we agree with this analysis and find that the trial court did not abuse its discretion or err in finding that the complaint failed to state a claim for breach of contract.

We find the same as to Feingold's claim for bad faith. An insured has a cause of action "if the court finds that the insurer has acted in bad faith toward the insured[.]" 42 Pa.C.S. § 8371. To prove a bad faith claim, the insured must present clear and convincing evidence that (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) the insurer

knew or recklessly disregarded its lack of reasonable basis in denying the claim. *See Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 92-93 (Pa. Super. 2015).

Based on our review of his complaint, Feingold failed to allege either requisite element. First, Feingold averred that after the UIM arbitration award, State Farm informed him that it did not believe the Wallaces were entitled to UIM damages under their policy. Feingold's complaint did not allege that State Farm was without a reasonable basis for denying benefits. Second, Feingold averred only that State Farm did not advise him of a specific reason for denying the Wallaces UIM claims. This is not sufficient to demonstrate that State Farm knew or recklessly disregarded its lack of a reasonable basis for denying the claim. Accordingly, we find no abuse of discretion or error in the trial court's determination that the bad faith claim was frivolous.

Further, we find no abuse of discretion in the trial court declining to allow Feingold to amend his complaint. The trial court noted that the statute of limitations had long expired for both breach of contract, 42 Pa.C.S. § 5525 (four years), and bad faith, 42 Pa.C.S. § 5524 (two years). Here, Feingold filed his complaint more than 23 years after the Wallaces' accident and 13 years after all of the Wallaces had turned at least 18 years old. Feingold's brief does not show how a more specific amended complaint would overcome the statute of limitations.

Last, Feingold argues that the trial court erred in denying his motion to intervene.[4]  Under Pennsylvania Rule of Civil Procedure 2347, there are four classes of persons that may intervene during the pendency of an action:

> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2347.  Feingold contends that he would fall within the fourth class based on the Wallaces' assignment of claims to him against State Farm. However, in so arguing, Feingold fails to address how he would be able to avoid the statute of limitations for any of the UIM claims for which he sought leave to file.  The trial court explained in its Pa.R.A.P. 1925(a) opinion:

> [T]he determination of this action would not affect "any legally enforceable interest" of [Feingold] because the applicable statute of limitations barred any breach of contract action regarding [UIM] benefits and any insurance bad faith action in this case.  More specifically, [the Wallaces] settled their claims against the

---

[4] "It is well established that a question of intervention is a matter within the sound discretion of the trial court and absent a manifest abuse of such discretion, its exercise will not be disturbed on review."  *First Commonwealth Bank v. Heller*, 863 A.2d 1153, 1155 (Pa. Super. 2004) (quotation omitted).

underinsured motorist in 2005. Therefore, [the Wallaces] had until 2009 to bring an action against [State Farm] seeking compensation for [UIM] benefits under their insurance policy. Neither [the Wallaces] nor [Feingold] (via the alleged assignment) did that. Instead, [Feingold] brought an action against [State Farm] nine years after the statute of limitations barred such a breach of contract claim.

Additionally, if [Feingold] argues that [State Farm] committed bad faith by not paying [UIM] benefits to [the Wallaces] after [they] settled with the underinsured motorist in 2005, then [the Wallaces] had until 2007 to bring a bad faith claim. Neither [the Wallaces] nor [Feingold] (via the alleged assignment) did that. Instead, [Feingold] brought an insurance bad faith action against [State Farm] eleven years after the statute of limitations had barred such a claim. As such, [Feingold] had no "legally enforceable interest" entitling him to intervene in this matter. Therefore, the trial court properly denied [Feingold's] Motion to Intervene.

Trial Court Opinion, 10/15/18, at unnumbered 4. Because Feingold has not provided any discussion that would rebut this analysis, we discern no abuse of discretion in the trial court denying his motion to intervene.

Orders affirmed. Application to Substitute Paginated Supplemental Reproduced Record granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/19

- 10 -