J-A21041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SILVIA SANTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD BATTERMAN | : | |
| | : | |
| Appellant | : | No. 3136 EDA 2023 |

Appeal from the Order Entered November 8, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  PACSES: 267116855,
PACSES: 267116855

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM PER CURIAM:                    **FILED JANUARY 15, 2025**

Chad Batterman ("Batterman") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying his petitions to proceed in forma pauperis ("IFP") for his filings in the trial court.[1] We affirm.

Because of the limited issue before this Court, a full recitation of the facts underlying this case is unnecessary.  Briefly, Batterman and Silvia Santo ("Santo") were married in November 2014, separated in November 2017, and had two children together during the marriage.  Santo filed a complaint in divorce on November 29, 2017.  Batterman filed an answer to the divorce

---

[1] "[A]n order denying [IFP] status is a final, appealable order[.]" **Grant v. Blaine**, 868 A.2d 400, 402 (Pa. 2005).

complaint and a counterclaim. Following a protracted history, the trial court dismissed Batterman's outstanding claims arising out of his answer to the divorce complaint and counterclaim on May 24, 2023. On June 7, 2023, Batterman filed a petition, which he styled as a petition for leave to appeal nunc pro tunc from the May 24, 2023 order. The trial court scheduled a hearing for August 14, 2023. Batterman sought to continue the hearing, which the trial court denied on August 7, 2023. Batterman did not appear at the scheduled hearing, and the trial court dismissed his petition. On August 22, 2023, the trial court entered a final divorce decree. Batterman filed an appeal from the August 7, 2023 order denying his continuance request and the August 14, 2023 order denying his petition for leave to appeal nunc pro tunc.

Batterman filed a petition to proceed IFP on appeal of that case (hereinafter referred to as the "Appellate IFP Petition"). On September 29, 2023, and October 18, 2023, Batterman filed petitions to proceed IFP for his trial court filings (hereinafter referred to as the "Trial Court IFP Petitions"). On October 18, 2023, the trial court held a hearing on the Appellate IFP Petition, at which it received evidence regarding Batterman's ability to pay the filing fee. Thereafter, the trial court denied Batterman's petition, finding he had financial resources to pay the requisite fees. Thereafter, Batterman paid the appellate fee.

On November 8, 2023, the trial court denied Batterman's Trial Court IFP Petitions. In the order, the trial court concluded that Batterman had the ability to pay, finding that Batterman's Trial Court IFP Petitioners, were identical to his Appellate IFP Petition, and there was no new evidence presented to support his entitlement to IFP status.

Batterman appealed the trial court's denial of his Trial Court IFP Petitions. Concomitantly, Batterman also filed in the trial court a request to proceed IFP in the instant appeal. The trial court held a hearing on this petition on January 10, 2024. Following the hearing, the trial court denied the petition finding no appreciable change to Batterman's circumstances. Subsequently, this Court ordered Batterman to pay the appellate fees, which he did on January 22, 2024.

On appeal, Batterman argues that the trial court erred as a matter of law in denying his Trial Court IFP Petitions. Batterman's Brief at 2-40. Batterman claims that he has no assets and was assigned an earning capacity of $26,000 per year, but has to pay child and spousal support, the children's health insurance, and fund his own needs. *Id.* at 2-3, 12-13, 17, 21, 29-30, 33. Batterman further points out that he was hospitalized in June 2023, following which the doctor forbade him from working. *Id.* at 3-5, 18, 26-27, 30-31. Batterman maintains that his IFP status relates to his own ability to pay, not his friends or parents. *Id.* at 13; *but see id.* at 28-29 (asserting that he asked other people to help pay the fees but was denied). Batterman

contends that his parents' help with his basic costs of living does not establish that they are willing or able pay his court fees. *Id.* at 7-9, 10-12, 14-16, 18, 22-23, 26, 30-31, 36; *see also id.* at 34-35 (noting his parents' financial situation has changed). Further, according to Batterman, the fact his parents had previously paid court fees is irrelevant to the instant case. *Id.* at 9 n.4, 11, 14, 20-21, 23-24, 27-28, 34, 38.

Batterman asserts that he had no ability to pay the filing fees, and that this has been found by the United States Court of Appeals for the Third Circuit, United States District Court of the Eastern District of Pennsylvania, and the Bucks County Court of Common Pleas, all of which granted him IFP status in other matters. *Id.* at 9, 16-17, 19, 24-26, 32, 33, 35, 38. Batterman additionally argues that the trial court failed to provide reasons for denying his Trial Court IFP Petitions, as required by Pa.R.Civ.P. 240(c)(3) or fully evaluate his ability to pay, earning capacity, or current financial situation. *Id.* at 5-6, 32-33; *see also id.* at 19-20, 37 (noting the trial court did not dismiss the petitions as frivolous). Batterman claims that this case should be remanded to the trial court for a hearing before an impartial judge. *Id.* at 26, 39-40.

Our standard of review is as follows:

> [I]n reviewing a trial court's resolution of an application to proceed in forma pauperis, we reverse only if the court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. The trial court has considerable discretion

- 4 -

in determining whether a person is indigent for purposes of an application to proceed in forma pauperis.

***D.R.M. v. N.K.M.***, 153 A.3d 348, 350-51 (Pa. Super. 2016) (citations and quotations marks omitted).

"A party who is without financial resources to pay the costs of litigation is entitled to proceed [IFP]." Pa.R.Civ.P. 240(b). "The mere filing of a praecipe for IFP status will not automatically establish the petitioner's right to proceed in that status." ***Amrhein v. Amrhein***, 903 A.2d 17, 19 (Pa. Super. 2006). "The court must satisfy itself of the truth of the averment of inability to pay." ***Id.*** In resolving a request to proceed IFP, the court may consider the litigant's "expenses and the realities of life." ***D.R.M.***, 153 A.3d at 351. Further, in requesting IFP status, the petitioner must state that the petitioner is "unable to obtain funds from anyone, including my family and associates, to pay the costs of litigation." Pa.R.Civ.P. 240(h). If the court "believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing." ***Amrhein***, 903 A.2d at 19-20. However, "when considering whether an individual is indigent, the trial court must focus on whether he or she can afford to pay and cannot reject the allegations contained in an application without conducting a hearing." ***Id.*** at 23. If "the petition is denied, in whole or in part, the court shall briefly state its reasons." Pa.R.Civ.P. 240(c)(3); ***see also D.R.M.***, 153 A.3d at 351.

At the October 18, 2023 hearing on Batterman's Appellate IFP Petition in his divorce action, Batterman testified that he was unable to work and

admitted several documents from doctors to support that claim. N.T., 10/18/2023, at 4, 13-15. Batterman testified that he qualified for Supplemental Nutritional Assistance Program benefits. *Id.* at 16. Batterman stated he lived in a four bedroom, two-and-a-half bathroom house, owned by his parents, that sits on property owned by his father's business. *Id.* at 12. Batterman admitted that his parents pay his expenses. *Id.* at 9-11. Batterman also acknowledged that his parents had paid contempt purge fees to have him released from prison totaling $25,000. *Id.* at 26; *see also id.* at 25 (noting that his parents paid $15,000 for a court ordered mental health evaluation in 2021). Batterman's mother testified that the payments for his expenses were loans. *Id.* at 38. She further stated that because of financial difficulties, Batterman's father and she would not support Batterman as they had before. *Id.* at 51, 54. Batterman's mother indicated that Batterman would not be able to pay the fees without his parents' support. *Id.* at 50.

Ultimately, the trial court found the testimony and evidence presented by Batterman to be unbelievable. Trial Court Opinion, 12/26/2023, at 10, 12-14. The trial court rejected the Trial Court IFP petitions, finding as follows:

> T[he trial c]ourt based its November 8, 2023 denial on the information gathered at the October 18, 2023 hearing on [Batterman's] identical petition. It was unnecessary to conduct a new hearing as [Batterman] made no representations of any change in his circumstances that may affect his ability to pay the costs of litigation.
>
> [Batterman] had the burden of proving at the October 18 hearing that he did not have the financial resources to pay the costs of litigation and he did not meet his burden of proof. His

testimony was not credible and his mother's testimony was not credible.

[Batterman] claimed that his entire cost of living is paid by his parents. As a result of this support, he lives in a large house on a large property, indicating some amount of wealth that his family can provide him. [Batterman's] parents pay for all of [Batterman's] expenses, including thousands of dollars of court-related fees, even at times after claiming they were unable to. [Batterman] repeatedly claims that he is unable to pay fees and arrears, but every time he does so, his false claims of poverty are immediately followed by payment of those fees, including nearly $25,000.00 in purge fees paid just within the month prior to the October 18, 2023 hearing….

Ultimately, the only thing at issue in determining whether a litigant should be granted IFP status is whether they have the financial resources to pay the costs associated with litigation. This is not based on income and expenses alone, but on a litigant's situation as a whole. The statute that allows litigants to proceed IFP in fact specifically considers whether a litigant can obtain funds from anyone to pay litigation costs. The fact that [Batterman] has repeatedly obtained funds from family to pay litigation costs — including five appeals on this docket and his divorce docket alone, all paid in full — speaks for itself. T[he trial c]ourt did not abuse its discretion by denying [Batterman's] petitions to proceed in forma pauperis[.]

Trial Court Opinion, 2/7/2024, at 10-11, 12 (citations and emphasis omitted).

We find no abuse of discretion by the trial court. Preliminarily, the fact that the trial court did not hold another, separate hearing on the instant petitions does not establish error, as he filed multiple petitions seeking the same relief at the same time, and the trial court held a hearing on the Appellate IFP Petition. In fact, Batterman has not presented any changed circumstances between the filing of the Trial Court IFP Petitions and the October 18, 2023 hearing, or at the hearing on his subsequent attempt to

obtain IFP status for the instant appeal. *See, e.g.,* Trial Court Opinion, 2/7/2024, at 4 (noting that after holding another hearing on the IFP petition for this appeal on January 10, 2024, the trial court found that Batterman had no "appreciable change" to his circumstances and denied his motion). Further, contrary to Batterman's claim, the trial court provided reasons for its denial in the November 8, 2023 order. *See* Trial Court Order, 11/8/2023 (noting that "after reviewing [Batterman's] petition, it is identical to his petition to proceed [IFP] filed in divorce …, which has recently been heard and denied by the [trial court]").

Here, the trial court considered Batterman's financial resources, expenses, and his personal circumstances, and concluded that he had the ability to pay the filing fees in the trial court. Batterman fails to identify any basis to establish that the trial court abused its discretion, particularly where his claims of indigency are undermined by his repeated payment of the filing fees after his requests for IFP status have been rejected. Moreover, Batterman's claims that his parents cannot afford to help him are not subject to reversal by this Court as the trial court specifically found such testimony was not credible. *See* Pa.R.Civ.P. 240(h); *see also Carrero v. Lopez*, 300 A.3d 494, 501 (Pa. Super. 2023) (stating that this Court must accept credibility determinations by the trial court as long as such findings are supported by the record evidence). Therefore, the trial court's stated reasons for denying Batterman IFP status for filings in Philadelphia County was not an

abuse of discretion. ***See D.R.M.***, 153 A.3d at 351-52 (concluding that the trial court considered petitioner's financial resources, expenses, and "realities of life," and concluded she had sufficient means to pay the costs of litigation).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  1/15/2025